# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| RONALD L. SATTERLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-3181-CV-S-FJG |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| MILWAUKEE DISCLOSURE OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. # 6),

Plaintiff's Objection to Vilifying Plaintiff (Doc. # 11), Plaintiff's Motion for Sanctions

Against Attorney Walsh (Doc. # 22) and Plaintiff's Request to Amend and Correct

Plaintiff's Motion for Sanctions Against Attorney Walsh (Doc. # 25).

## I. BACKGROUND

This is an action under the Freedom of Information Act ("FOIA")(5 U.S.C. § 552)

and/or the Privacy Act (5 U.S.C. § 552a).  Plaintiff seeks to have the Court declare

defendants' failure to disclose records requested in two FOIA requests as unlawful,

order defendants to make these requested records available to plaintiff and award him

costs and fees.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants state that in FOIA and Privacy Act cases, courts have jurisdiction

only where an agency has improperly withheld agency records.  Defendants state that

an extensive search was conducted and they were unable to locate any documents

responsive to plaintiff's request. Therefore, defendants argue that the Court has no

jurisdiction over this action and the case should be dismissed.  In support of this

argument defendants cite to Kissinger v. Reporters' Committee for Freedom of the

Press, 445 U.S. 136, 139 (1980).  After reviewing this case, however, the Court does

not agree with defendants' assessment that the Court lacks jurisdiction.  Rather, the

Court in Kissinger stated, "[w]hen an agency has demonstrated that it has not 'withheld'

requested records in violation of the standards established by Congress, the federal

courts have no authority to order the production of such records under the FOIA."  Id. at

139.  Similarly, in Mace v. EEOC, 37 F.Supp.2d 1144 (E.D.Mo.), aff'd, 197 F.3d 329 (8th

Cir. 1999) the Court stated:

> If Kissinger were applied literally, 'all FOIA cases resolved in favor of
> the government would ultimately be dismissed for lack of subject matter
> jurisdiction, which clearly has not been the case in practice.' FOIA Guide
> at 482. [Office of Information and Privacy, U.S. Dep't. of Justice, Freedom
> of Information Act Guide & Privacy Act Overview at 480-83 (Sept. 1998
> ed.)]. 'Summary judgment is the procedural vehicle by which nearly all
> FOIA cases are resolved.' Id. at 548.  This is true of reported FOIA cases
> in the Eighth Circuit.  See e.g., State of Missouri ex rel. Shorr v. United
> States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir.
> 1998)("Shorr")(approving grant of summary judgment to government
> agency in FOIA case involving deliberative process exception); Miller v.
> United States Dep't of State, 779 F.2d 1378 (8th Cir. 1985)(approving grant
> of summary judgment to government agency in FOIA case).  The Court
> concludes that plaintiff's complaint sufficiently alleges a claim under FOIA
> to invoke the Court's jurisdiction, and therefore dismissal for lack of
> subject matter jurisdiction is inappropriate.  As discussed below, however,
> the Court concludes that it lacks further jurisdiction to afford plaintiff any
> relief under FOIA.

Id. at 1146.  See also, Natural Resources Defense Council v. United States Dept. of

Defense, 388 F.Supp.2d 1086 (C.D. Cal. 2005)(same).

2

Therefore, the Court concludes that it does have jurisdiction over plaintiff's FOIA action. However, the Court suggests that the issues raised in defendants' Motion to Dismiss can be reframed and presented to the Court in a Motion for Summary Judgment. As the Court noted in Lion Raisins Inc. v. USDA, 354 F.3d 1072, 1082 (9th Cir. 2004), "[c]ourts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." Accordingly, the Court hereby **DENIES** defendants' Motion to Dismiss (Doc. # 6).

### B. Objection to Vilifying Plaintiff, Motion for Sanctions and Motion to Amend and Correct Motion for Sanctions

Plaintiff states that both the attorney for the defendants and Cathy Walsh have used the word "taxpayer" when describing plaintiff. Plaintiff demands that counsel for defendants and Ms. Walsh prove beyond a doubt that he is a "taxpayer" or "debtor."

Defendants respond that plaintiff is essentially arguing that he is not required to file tax returns and/or pay taxes. Defendants argue that such challenges are irrelevant in a FOIA action in that FOIA does not give district courts jurisdiction for a requester to challenge his tax liability and any collection efforts taken by the Service. Defendants state that the terms "taxpayer" and "debtor" are simply alternative terms which are used to refer to the plaintiff in this action. Defendants state that FOIA does not provide the Court with jurisdiction to require the Service to prove that the plaintiff is a taxpayer or a debtor.

The Court agrees with defendants' assessment and finds that there is no basis in this FOIA action which would require the defendants to prove that plaintiff is a taxpayer or a debtor. Accordingly, plaintiff's objection is hereby **DENIED** (Doc. # 11), plaintiff's

3

Motion for Sanctions is hereby **DENIED** (Doc. # 22) and plaintiff's Motion to Amend his

Motion for Sanctions is hereby **DENIED** (Doc. # 25).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendants' Motion to

Dismiss (Doc. # 6); **DENIES** plaintiff's Objection to Vilifying Plaintiff (Doc. # 11);

**DENIES** plaintiff's Petition for Sanctions Against Attorney Walsh (Doc. # 22) and

**DENIES** as **MOOT** plaintiff's Request to Amend and Correct Plaintiff's Brief Petition for

Sanctions Against Attorney Walsh (Doc. # 25).

Date: March 6, 2006                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                      United States District Judge