# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD L. SATTERLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-3181-CV-S-FJG |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| MILWAUKEE DISCLOSURE OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Rule 37.1 Teleconference (Doc. # 30), Plaintiff's Motions for Summary Judgment (Doc. # 34, 48), Defendants' Motion for Summary Judgment (Doc. # 35) and Defendant's Motion in Limine (Doc. # 45).

## I. BACKGROUND

This is an action under the Freedom of Information Act ("FOIA")(5 U.S.C. § 552) and/or the Privacy Act (5 U.S.C. § 552a). Plaintiff seeks to have the Court declare defendants' failure to disclose records requested in two FOIA requests as unlawful, order defendants to make these requested records available to plaintiff and award him costs and fees.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law

will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

In Petterson v. I.R.S., No. 98-6020-CV-SJ-4, 1999 WL 674488 (W.D.Mo. July 13, 1999), the Court noted, in FOIA actions:

> [t]he burden of proof is on the government agency to justify the nondisclosure of documents. . . . To be entitled to summary judgment, the agency must show that each document falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements. . . . The district court may award summary judgment based on the affidavits submitted by the agency if the affidavits are relatively detailed, nonconclusory, and submitted in good faith. . . .

Id. at *1 (internal citations and quotations omitted).

## II. DISCUSSION

**A. Defendants' Motion for Summary Judgment**

Defendants state that the parties have executed a stipulation which essentially eliminates that first count of plaintiff's Amended Complaint and a portion of the second count. Defendants assert that based on the issues still remaining in the suit, plaintiff failed to submit a proper Freedom of Information Act and/or Privacy Act request in that the plaintiff failed to reasonably describe the materials sought. Additionally, defendants note that the Court lacks personal jurisdiction over the individual offices of the Internal Revenue Service.

In the first count of plaintiff's Amended Complaint, plaintiff refers to a February 11, 2004 FOIA request in which he requested copies of notices described in 26 U.S.C. § 6001 and 26 C.F.R. § 301.6109-1(h) for tax years 1964 through 2001. In his second count, plaintiff referred to a December 2, 2004 FOIA request seeking four items:

(a) "[p]roof of "NOTICE" by the Secretary of the Treasury . . . by the S.S.A., C.I.R., or I.R.S., as that the requester was to file returns, keep books or records" for years 1998 through 2005;

(b) "[p]roof of jurisdiction by the S.S.A., C.I.R., or I.R.S. following proper procedures. . . regarding required procedural prerequisites in order to establish jurisdiction . . .";

(c) "[p]roof of Federal activities which requires the payment or collection of an income, excise, or franchise tax . . ." and

(d) [a]ny and all Federal tax related returns, statements, or forms, which have been filed by the requestor, and bear the signature of the requestor for the years in question."

On March 7, 2006, the parties filed a Stipulation to Eliminate Certain Factual Issues No Longer in Dispute. Plaintiff specifically stipulated that he was no longer

3

challenging the IRS's response to his *February 11, 2004* FOIA request, which was the subject of Count I. He also stipulated that he is no longer challenging the IRS's response to his *December 2, 2004* request for (a) "Proof of notice. . . by the U.S. Secretary of the Treasury or his delegate . . . that the requester was to file returns, keep books or records. Concerning years 1998 through 2005." He is also no longer challenging (d) "Any and all Federal tax related returns, statements, or forms, which have been filed by the requestor, and bear the signature of the requestor for the years in question." So the only two portions of plaintiff's Complaint which still remain are paragraphs (b) and (c) of Count II as described above.

The IRS responded to plaintiff's December 2,2004 FOIA request by letter dated January 6, 2005. In their response, they informed plaintiff that he must sufficiently identify the records solicited in order for an agency to locate responsive documents. The IRS also informed him that FOIA does not require agencies to respond to interrogatories, to preform research for the purpose of explaining, interpreting, or justifying the rule, regulations and laws legislated by the Government, to perform research or respond to statements which appear to be more appropriately addressed in judicial proceedings. In an effort to resolve the litigation without further court action, plaintiff was provided an opportunity to clarify the two requests still at issue. Plaintiff responded by submitting a 50 page response, of which approximately 30 pages were plaintiff's clarification. Plaintiff then submitted a third FOIA request dated January 11, 2006. The IRS is currently processing plaintiff's clarification as a new FOIA request and is responding to his January 11, 2006 FOIA request. As of April 27, 2006, the IRS has released approximately 136 pages as responsive to plaintiff's clarification and his

January 11, 2006 request.

Defendants move for summary judgment because they state that plaintiff did not submit a proper FOIA request, in that he did not reasonably describe the records which he sought. Defendants also argue that the IRS is not required to respond to interrogatories, conduct original research or create records.

Attached to their Suggestions in Support of their Motion for Summary Judgment, defendants attached the Affidavit of Ken Wilder, Senior Disclosure Specialist in the Ogden Disclosure Office of the Internal Revenue Service. Mr. Wilder was the individual responsible for reviewing and responding to plaintiff's FOIA requests. Mr. Wilder states that after reviewing plaintiff's request, specifically items (b) and (c) described above, "plaintiff's request fails to reasonably describe records and, therefore, plaintiff failed to submit a perfected FOIA request." Mr. Wilder also noted that, "it is not clear what documents plaintiff is seeking for 'proof of jurisdiction' and 'proof of Federal activities.'" (Wilder Affidavit ¶ 4).

In Landmark Legal Foundation v. EPA, 272 F.Supp.2d 59, 64 (D.D.C. 2003), the Court stated:

> A FOIA request must 'reasonably describe' the records requested. 5 U.S.C. § 552(a)(3)(A)(i). The agency's obligation to search is limited to the four corners of the request. . . .Furthermore, an agency is not required to 'answer questions disguised as a FOIA request.' Hudgins v. IRS, 620 F.Supp. 19, 21 (D.D.C. 1985)(Hogan, J.). Finally, an agency need not conduct research in response to a FOIA request.

See also, West v. Jackson, No. 05-1441, 2006 WL 2660610, (D.D.C. Sept. 15, 2006)("An agency is not required to provide copies of federal regulations or perform legal research for the requester).

5

Plaintiff did not specifically respond to the defendant's Motion for Summary Judgment, but rather filed his own Motions for Summary Judgment (Docs. 34, 48). In his Motions for Summary Judgment, plaintiff seems to be arguing that because the IRS failed to respond to his FOIA requests, then the IRS and the Collection Due Process hearing[1] were not constitutionally authorized because the IRS cannot show that it possesses jurisdiction over him.

The Court agrees with the defendants that plaintiff did not submit a proper FOIA request. Plaintiff's FOIA request did not "reasonably describe" the documents which he was seeking. Rather, plaintiff is asking the IRS to prove that it has jurisdiction over him, in order that it might assess taxes against him. This is not the purpose of a FOIA request and would require the IRS to conduct legal research and/or to provide answers to questions disguised as a FOIA request.

In West, the court noted:

> In a FOIA Case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits when the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.

Id. 2006 WL 2660610 (internal citations and quotations omitted). In the instant case, the Court finds that the IRS has met its burden of proof regarding its response to plaintiff's FOIA request. The affidavit of Mr. Wilder demonstrates that the IRS attempted

---

[1] Plaintiff's challenge to the Collection Due Process Hearing was the subject of another federal suit filed by plaintiff. Satterlee v. United States, 05-3283-CV-S-RED. The Court in that case found that plaintiff's reasons for his appeal of the civil penalty were frivolous and granted the United States' Motion to Dismiss.

6

in good faith to respond to plaintiff's request, but was unable to do so because the documents were not reasonably described and also because plaintiff was asking the IRS to conduct legal research and to provide him with federal regulations justifying its jurisdiction.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** defendants' Motion for Summary Judgment (Doc. # 35). The Court **DENIES** plaintiff's Motion for a Rule 37.1 Telephone Conference (Doc. # 30), **DENIES** plaintiff's Motions for Summary Judgment (Doc. # 34, 48) and **DENIES** defendant's Motion in Limine (Doc. # 45).

Date: October 30, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge